# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM DAVID BLICK, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 11-299 |
| | ) | |
| v. | ) | Judge McVerry/ |
| | ) | Magistrate Judge Bissoon |
| THE ATTORNEY GENERAL OF THE | ) | |
| STATE OF PENNSYLVANIA, | ) | |
| | ) | |
| Respondent. | ) | re: ECF Nos. [8] & [9]. |

## MEMORANDUM ORDER

William David Blick ("Petitioner") is a prisoner who seeks relief from his state court convictions in a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Despite the fact that he has already paid the filing fee, Petitioner has filed a motion for leave to proceed *in forma pauperis* ("IFP"). ECF No. [8]. In addition, he seeks reconsideration of our order that denied his motion for appointment of counsel. ECF No. [9].

Given that Petitioner has already paid the filing fee, his motion for leave to proceed IFP is DENIED as moot. Ping Lin v. Holder, 387 F.App'x 93, 96 (2d Cir. 2010) ("The pending motion to proceed *in forma pauperis* is DENIED as moot because the filing fee has already been paid."). Nor has Petitioner identified any permissible cost associated with this proceeding for which he needs partial IFP status. Walker v. People Exp. Airlines, Inc., 886 F.2d 598, 601 (3d Cir. 1989).[1]

---

[1] The Court in Walker explained:

> Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit. We believe that, in order to qualify for partial *in forma pauperis* status, a
> (. . . footnote continued)

As to Petitioner's motion for reconsideration -- "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Petitioner here must establish: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). After considering Petitioner's arguments, Petitioner fails to meet the high standards meriting the grant of a motion for reconsideration. Accordingly, the motion for reconsideration is DENIED.

IT IS FURTHER ORDERED that the parties are allowed fourteen (14) days from this date to appeal this order to the district judge pursuant to Rule 72.C.2 of the Local Civil Rules. Failure to appeal within fourteen (14) days will constitute waiver of any appellate rights. Brightwell v. Lehman, __ F.3d __, 2011 WL 635274, *5 n.7 (3d Cir. Feb. 9, 2011).

| | |
|---|---|
| March 25, 2011 | s/Cathy Bissoon<br>Cathy Bissoon<br>United States Magistrate Judge |

cc:   Terrence F. McVerry
      United States District Judge

      WILLIAM DAVID BLICK
      EQ-5104

---

> litigant must similarly show that he is unable to pay the particular cost at issue. In determining the availability of partial *in forma pauperis*, a litigant's ability to pay must be assessed in light of the magnitude of the proposed expenditure.

Walker, 886 F.2d at 601.

SCI Pittsburgh
Post Office Box 99991
Pittsburgh, PA 15233