IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM DAVID BLICK,                )
                                    )
            Petitioner               )
                                    )
    vs.                              )   Civil Action No. 11-299
                                    )   Judge Terrence F. McVerry/
THE ATTORNEY GENERAL OF THE         )   Magistrate Judge Maureen P. Kelly
STATE OF PENNSYLVANIA,              )
                                    )
            Respondent              )

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus by a Prisoner in State Custody under 28 U.S.C. § 2254 (the "Petition") be denied and that a certificate of appealability likewise be denied.

**II. REPORT**

William David Blick ("Petitioner"), a state prisoner, seeks to attack his convictions on three counts of criminal homicide in the second degree; two counts of arson and one count of recklessly endangering another person that were obtained in the Allegheny County Court of Common Pleas on February 26, 2001. The jury convicted Petitioner of these crimes in connection with a fire of a home that the jury found Petitioner had set which caused the deaths of three residents. At the time of the fire, Petitioner was a firefighter trainee and the Commonwealth's theory of the case was that Petitioner set the fire in order to be able to help put

it out.

The Petition should be dismissed because it is time-barred. In the alternative, four of Petitioner's claims are procedurally defaulted. The remaining claims were addressed by the state courts on the merits and Petitioner has failed to carry his burden to show that the state courts' adjudication of the claims was contrary to or an unreasonable application of Supreme Court precedent. Accordingly, all of the claims should be dismissed.

### A. RELEVANT FACTUAL BACKGROUND

The Pennsylvania Superior Court described the facts of the crime as follows:

> On June 30, 2000, Appellant set fire to a dwelling. As a result, three people died and a volunteer firefighter was injured while trying to control the fire. Appellant was charged with setting the fire. Before trial, Appellant admitted in a written statement that he dropped a lit cigarette on the back of the porch of the dwelling that may have caused the fire. (N.T. Trial, 2/24/01, at 439).

ECF No. 21-4 at 42. Petitioner also gave a written statement to the police on July 6, 2000, wherein he said the following:

> To the family, friends, firemen and my family, I am very sorry for the tragedy that occurred. I by any means did not intentionally start the fire to harm anyone in any kind of manner. I did not intentionally start the fire to go on to any calls. My job as a fireman is to work together with everyone to prevent and not start fires. I was looking forward to helping my community but now I can't because all it took was a flick of a cigarette because I stopped at somebody's house. I really never thought a cigarette could cause so much tragedy and pain, not only to everyone mentioned above, but to myself. I know that you guys look at me differently now, but like I said, it was an accident that I can't bring back. I am very sorry, very sorry and I will always carry this on my back for the rest of my life… P.S. I was scared to tell anyone because I feared of getting in trouble.

ECF No. 20 at 17 (quoting Trial Transcript at 439-40).

A deputy fire marshal took the stand and testified that the fire could not have occurred as Petitioner stated due to the flick of a cigarette because the deputy fire marshal attempted to

2

recreate the conditions of the porch that night and used a lit cigarette and the results of the experiment showed that a lit cigarette could not have started the fire and that the fire was deliberately set.

On February 26, 2001, following a jury trial before Judge Jeffrey Manning in the Court of Common Pleas of Allegheny County, Petitioner was found guilty of all charges.

### B. RELEVANT PROCEDURAL HISTORY

Petitioner's direct appeal of his convictions to the Pennsylvania Superior Court was denied on January 2, 2004. He did not file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court. Hence, Petitioner's conviction became final on February 1, 2004, 30 days after the denial of his appeal by the Superior Court.

Petitioner did not file a Post-Conviction Relief Act ("PCRA") petition until May 10, 2004. The filing of the PCRA petition then tolled the running of the one year statute of limitations provided for in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").[1] Between February 1, 2004 (the date the conviction became final), and May 10, 2004 (the date of the filing of the PCRA petition), a total of 99 days passed. On April 26, 2010, the Pennsylvania Supreme Court denied the Petition for Allowance of Appeal in the PCRA proceedings. As of that date, the PCRA petition ceased to be pending and the AEDPA statute of limitations began to run.

Petitioner was deemed to have filed the habeas Petition in this Court on February 20,

---

[1] The AEDPA one year statute of limitations requires that the state prisoner file the federal habeas petition within one year of certain specified events, including, as relevant here, requiring that the federal habeas petition be filed within one year of the state court conviction becoming final.

2011. ECF No. 1. Between April 26, 2010 and February 20, 2011, a total of 299 countable days passed. Adding the 299 days to the 99 days that already passed yields a result of 398 days, which is roughly 33 days beyond the one year statute of limitations.

On May 12, 2011, Respondent filed a Motion to Dismiss the instant habeas Petition, ECF No. 17, asserting that the Petition was time-barred. After having been granted extensions of time, the Respondent filed an Answer, along with exhibits. ECF Nos. 20, 21. Respondent also caused the original state court record to be transmitted to this Court. Petitioner filed an untimely response to the Respondent's Motion to Dismiss. ECF No. 23. The Court dismissed the Respondent's Motion to Dismiss without prejudice to considering the arguments raised therein when the Court disposed of the case. ECF No. 24. Petitioner also filed a "Supplement to Reply." ECF No. 25.

### C. AEDPA APPLIES

The AEDPA, which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254, was effective April 24, 1996. Because Petitioner's habeas Petition was filed after the effective date of AEDPA, AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000) ("Since Werts filed his habeas petition on March 18, 1997, after the effective date of the AEDPA, we are required to apply the amended standards set forth in the AEDPA to his claim for federal habeas corpus relief.") (footnote omitted).

### D. DISCUSSION

#### 1. Statute Of Limitations

Respondent points out in both the Motion to Dismiss and the Answer that the Petition is untimely under AEDPA. We agree. The AEDPA requires that state prisoners file their federal habeas petition within one year after their conviction became final.[1] Specifically, AEDPA provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . . .
>
>     (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

A habeas respondent has the burden of affirmatively pleading AEDPA's statute of limitations. Hill v. Braxton, 277 F.3d 701, 705 (4th Cir. 2002). However, it is appropriate - where the habeas petitioner has been put on notice of a statute of limitations defense - to place some burden on him or her to show why the petition is not untimely. See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002) ("once a petitioner is given adequate notice and opportunity to

---

[1] Although AEDPA provides three other potential starting points for the running of its one year limitations period, Petitioner has not argued for the application of any of those three other starting points. See, e.g., Supples v. Kerestes, Civ.A.No. 08-1275, 2010 WL 324431 (W.D. Pa. Jan. 21, 2010) ("Because the Commonwealth raised the affirmative defense of the statute of limitations, and, hence, Petitioner has been put on notice of a statute of limitations issue, it is appropriate to place some burden on him to show why the statute of limitations has not run."). Indeed, from the record, none of the other three potential starting points appear to be applicable.

respond to allegations that his petition is subject to dismissal pursuant to AEDPA's statute of limitations, petitioner has the burden of providing an adequate response"), *abrogation on other grounds recognized in*, Moreno v. Harrison, 245 F. App'x 606 (9th Cir. 2007). See also Jackson v. Secretary for Dept. of Corrections, 292 F.3d 1347, 1349 (11th Cir. 2002); Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002) ("The purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed.").

Petitioner's direct appeal to the Superior Court was denied on January 2, 2004. ECF No. 20-3 at 32-37. No Petition for Allowance of Appeal was filed with the Pennsylvania Supreme Court. Hence, Petitioner's conviction "became final at the conclusion of direct review or the expiration of the time for seeking such review" within the meaning of AEDPA, i.e., 30 days after January 2, 2004, which is February 1, 2004. See, e.g., Gonzalez v. Thayer, __ U.S. __, __, 132 S.Ct. 641, 653-54 (2012); Drawbaugh v. Beard, No. 3:10-CV-1929, 2011 WL 6960967, at *2 n.3 (M.D.Pa. Nov. 9, 2011) ("Drawbaugh's conviction became final 30 days after the decision of the Pennsylvania Superior Court since he did not petition the Pennsylvania Supreme Court for allocatur."), *report and recommendation adopted by*, 2012 WL 32815 (M.D.Pa. Jan. 6, 2012); Barclay v. Pennsylvania, Civ.A. No. 11–478, 2011 WL 5237318 at *3 (E.D. Pa. Sept. 21, 2011), *report and recommendation adopted by*, 2011 WL 5248135 (E.D.Pa. Nov. 3, 2011). See also Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); Kapral v. United States, 166 F.3d 565, 575, 577 (3d Cir. 1999).

Petitioner did not file a PCRA petition until May 10, 2004. The PCRA petition remained pending only until April 26, 2010, when the Pennsylvania Supreme Court denied the Petition for Allowance of Appeal relative to the PCRA proceedings.

Petitioner argues that "the conclusion of direct review" did not commence until the Pennsylvania Supreme Court denied his Petition for Allowance of Appeal at the conclusion of the PCRA proceedings. ECF No. 23 at 1, ¶ 2. Petitioner also argues that "'direct review' as used in Section 2244(d)(1)(A) includes direct review by the United States Supreme Court via writ of certiorari" and he suggests that he should be given the benefit of the 90 days in which to seek a writ of certiorari, even though no writ of certiorari was filed. To the extent that Petitioner argues that he was entitled to have 90 days added to his direct appeal time from the date the Superior Court affirmed his conviction, Petitioner is wrong as a matter of law in light of the United States Supreme Court's recent holding in Gonzalez v. Thayler.[2]

The Court in Gonzalez v. Thayler, explained the meaning of the statutory phrase at issue here:

> We now make clear what we suggested in those cases: The text of §
> 2244(d)(1)(A), which marks finality as of "the conclusion of direct review or the
> expiration of the time for seeking such review," consists of two prongs. Each
> prong—the "conclusion of direct review" and the "expiration of the time for
> seeking such review"—relates to a distinct category of petitioners. For petitioners

---

[2] To the extent that Petitioner is arguing that he is entitled to have the statute of limitations tolled for 90 days following the Pennsylvania State Supreme Court's denial of his Petition for Allowance of Appeal at the conclusion of the PCRA proceedings, Petitioner is simply wrong. Stokes v. District Attorney of County of Philadelphia, 247 F.3d 539, 542 (3d Cir. 2001) ("These courts have concluded, without exception, that the time during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2). . . . We now join these courts of appeals and conclude that Stokes' petition was properly dismissed as time-barred.").

7

who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires. We thus agree with the Court of Appeals that because Gonzalez did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.

Id., at 653-54. Accordingly, we reject Petitioner's argument and find his conviction became final on February 1, 2004, i.e., 30 days after the Pennsylvania Superior Court affirmed his conviction since he did not file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court.[3]

As pointed out by the Respondent, Petitioner's statute of limitations period ran from February 1, 2004 (date his conviction became final) until May 10, 2004, the date his counsel filed his PCRA petition. From February 1, 2004 until May 10, 2004 a total of 99 days of AEDPA's 365 day statute of limitations passed.[4]

A properly filed PCRA petition that is filed and/or pending, including the time for taking appeals of any denial of PCRA relief tolls the running of AEDPA's one year limitations period. See 22 U.S.C. § 2244(d)(2); Swartz v. Meyers, 204 F.3d 417, 420 (3d Cir. 2000) (AEDPA's one year limitation period continues to be tolled during the period of taking a timely appeal from the denial of post-conviction relief and during the appellate court's consideration of the appeal).

---

[3] We also reject Petitioner's contention that the Pennsylvania Superior Court did not "affirm" his conviction. ECF No. 25 at 3, ¶ 16. The Superior Court most certainly did affirm his conviction. Superior Court slip op., ECF No. 20-3 at 32 (We dismiss pursuant to **Commonwealth v. Grant**, 572 Pa. 48, 813 A.2d 726 (2002), and, therefore, we affirm.").

[4] For purposes of AEDPA's one year statute of limitations, a "year" means 365 days. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001).

Petitioner's PCRA petition only remained pending until April 26, 2010, when the Pennsylvania Supreme Court denied his Petition for Allowance of Appeal in the PCRA proceedings. ECF No. 21-5. Stokes v. District Attorney of County of Philadelphia, 247 F.3d 539, 542 (3d Cir. 2001). As of April 27, 2010, the first date his PCRA petition was no longer pending, the AEDPA statute of limitations was no longer tolled. Hence, from April 27, 2010 until February 20, 2011, the date which, pursuant to the prisoner mail-box rule,[5] we deem Petitioner to have filed the current habeas Petition, a total of 299 days passed. Adding the 299 days to the 99 days which passed between the date Petitioner's conviction became final and the date he filed his PCRA petition yields a result of 398 days or 33 days beyond the statute of limitations. Accordingly, the Petition is time barred absent any equitable tolling.

    **a. Petitioner fails to prove entitlement to equitable tolling.**

Equitable tolling can apply to AEDPA's statute of limitations. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616 (3d Cir. 1998). However, the United States Court of Appeals for the Third Circuit cautioned in Miller about the limited nature of equitable tolling:

---

[5] The court will deem the date of the filing to be the date Petitioner signed the Petition. The so-called "prisoner mail box rule" provides that "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998); United States v. Soto, 159 F.Supp.2d 39, 45 (E.D. Pa. 2001). Absent proof of the exact date of delivering the habeas petition to the prison authorities, the court will treat the date whereon Petitioner signed the Petition as the filing date. See Cromwell v. Keane, 27 F. App'x 13, 14 (2d Cir. 2001) ("In the absence of other evidence regarding the date on which Cromwell's petition was handed to prison officials for mailing, we consider his petition to have been filed on September 2, 1997, the date on which petitioner signed his in forma pauperis application. *See Rhodes v. Senkowski*, 82 F.Supp.2d 160, 165 (S.D.N.Y.2000) (collecting cases)."); Henshaw v. Commissioner, Dept. of Correction, No. 99-848-SLR, 2000 WL 777868 (D. Del. June 8, 2000). Hence, we agree with Petitioner that the Petition was filed on February 20, 2011. ECF No. 25 at 3, ¶ 20. We thus reject Respondent's contention that the Petition was not filed until March 7, 2011. ECF No. 17 at 3.

> equitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." Shendock, 893 F.2d at 1462. Generally, this will occur when the petitioner has "in some extraordinary way ... been prevented from asserting his or her rights." Oshiver, 38 F.3d 1380. The petitioner must show that he or she "exercised reasonable diligence in investigating and bringing [the] claims." New Castle County, 111 F.3d at 1126. Mere excusable neglect is not sufficient. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990); New Castle County, 111 F.3d at 1126.

Id. at 618-19. Put succinctly, a habeas petitioner seeking to invoke the doctrine of equitable tolling must establish "extraordinary circumstances." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."), *reh'g and suggestion for reh'g en banc denied*, 207 F3d 666 (11th Cir. 2000). In order "[t]o establish the extraordinary circumstances necessary to equitably toll the AEDPA's statute of limitations, a habeas petitioner must prove that the cause of his delay was both beyond his control and unavoidable even with diligence." Simmons v. Yukins, No. Civ. 01-CV-71287-DT, 2001 WL 739505, at *2 (E.D. Mich. May 9, 2001). See also Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)). Lastly, it is petitioner's burden to plead and prove entitlement to equitable tolling. See, e.g., Polk v. Cain, No. Civ. A. 00-3026, 2001 WL 736755, *9 (E.D. La. June 23, 2001)("A person seeking the tolling of the statute of limitations period has the burden of

10

showing circumstances exist that justify tolling."); Balagula v. United States, 73 F.Supp.2d 287, 291 (E.D.N.Y. 1999)("The burden lays with the petitioner to establish the entitlement to equitable tolling."); Turner v. Singletary, 46 F.Supp.2d 1238, 1243 (N.D. Fla. 1999)("The burden is upon the petitioner to show that equitable tolling is warranted.").

Petitioner attempts to meet his burden to show entitlement to equitable tolling as follows. First, he complains that his counsel failed to file a Petition for Allowance of Appeal to the Pennsylvania Supreme Court after the Superior Court affirmed his conviction in the direct appeal and that his counsel abandoned him. Petitioner also asserts that he did not know that his counsel failed to file a Petition for Allowance of Appeal and that Petitioner could not have uncovered this fact by the exercise of due diligence. ECF No. 25 at 4, ¶ 24. We are unconvinced.

We note that his counsel in the direct appeal was also his counsel in the PCRA proceedings. Counseled PCRA petition, ECF No. 21-1 at 3, ¶ 9 ("Since the time of petitioner's sentencing through direct appeal to the Superior Court the petitioner has been represented by undersigned counsel Robert E[.] Stewart."). Thus, it appears from the record, not that counsel abandoned Petitioner, but instead that there was simply a strategic decision to bypass the Petition for Allowance of Appeal process and file a PCRA petition instead. This is so because the Superior Court on direct appeal, refused to consider Petitioner's claims of the ineffectiveness of trial counsel on appeal pursuant to Commonwealth v. Grant, 572 Pa. 48, 813 A.2d 726 (2002), which held that claims of trial counsel's ineffectiveness should be raised, not on direct appeal, but in a PCRA petition. The filing of a Petition for Allowance of Appeal would not have altered the disposition by the Superior Court, which was clearly correct under Grant. Moreover, Petitioner has failed to provide an affidavit from himself and has failed to provide an affidavit

11

from his attorney concerning what discussions were had if any, as to the choice to file a PCRA petition rather than a Petition for Allowance of Appeal. See United States ex rel. Headley v. Mancusi, 392 F.Supp. 187, 195 (S.D.N.Y. 1974) ("the Second Circuit has suggested that supporting materials such as exhibits and affidavits of persons with knowledge of the facts, 'should be appended, with the petitioner's own affidavit, to the original petition filed with the district court.'") (citing United States ex rel. Ross, 409 F.2d 1016, 1022 n.3 (2d Cir. 1969)). Furthermore, in the exercise of diligence, it would have been easy for Petitioner to determine whether a Petition for Allowance of Appeal was filed in the Pennsylvania Supreme Court. Petitioner could simply have contacted the Court to find out if the Petition for Allowance of Appeal had been filed. The failure to file the Petition for Allowance of Appeal did not prevent Petitioner from filing the present habeas Petition in a timely manner. See, e.g., Reeves v. U.S., No. 5:09–CR–204–FL, 2012 WL 1978290, at *3 (E.D.N.C. Jan. 6, 2012) ("Assuming that Petitioner's allegations are true, while he did request that his counsel file an appeal, he apparently did not contact any court to determine if said appeal had been filed. Other courts have found that these facts do not support equitable tolling."); Daniels v. Waid, No. 2:09–cv–00244, 2011 WL 1043490, at *4 (S.D.W.Va. March 18, 2011) ("Further, even assuming petitioner's trial counsel's failure to file a notice of appeal was wrongful or egregious, petitioner does not explain the causal connection between his counsel's failure to file a notice of appeal and his own failure to file his federal habeas petition on time [ ... ] Petitioner's counsel's failure to perfect petitioner's appeal relative to his resentencing simply meant that petitioner had one year from expiration of his time to file notice of appeal in which to initiate a federal habeas action—it did not prevent him from filing a federal petition."). Accordingly, we do not find that Petitioner has carried his heavy

burden to show entitlement to equitable tolling.

Petitioner also argues that he "can not be held to the same standards as licensed counsel." ECF No. 23 at 3, ¶ 9. To the extent that he means by this that because he was ignorant of the law, the AEDPA statute of limitations should have been tolled, we are unconvinced. Petitioner's alleged ignorance of the time period in which to file or his misunderstanding of the law is not a sufficient basis to demonstrate due diligence so as to merit tolling. See Allen v. Yukins, 366 F.3d 396, 403 (6th Cir. 2004) ("ignorance of the law alone is not sufficient to warrant equitable tolling."); Felder v. Johnson, 204 F.3d 168, 172 n. 10 (5th Cir. 2000)("such a run-of-the-mill claim of ignorance of the law is insufficient to warrant equitable tolling"); Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999)("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.").

Lastly, Petitioner offers nothing to explain why he could not have filed the Petition, earlier than he did. Accordingly, he fails to show that he acted with diligence throughout the period he seeks to have tolled.

Accordingly, the Petition should be dismissed as time-barred.

**2. Alternatively, the Petition is Meritless and Procedurally Defaulted.**

In the alternative, none of the seven issues which Petitioner raises merits relief. As four of them are procedurally defaulted and the other three are meritless. Petitioner raised the following seven issues in the Petition:

> [1] 6th Amendment Ineffective assistance of counsel[.] Failure to call character witnesses.

[ECF No. 1 at 5]

[2]   6th Amendment Ineffective assistance of counsel[.]   Failure to object to videotape demonstration.

[Id. at 9.]

[3]   6th Amendment Ineffective assistance of counsel[.]   Failure to request alibi instruction.

[Id., at 12.]

[4] 6th Amendment Ineffective assistance of trial and Appellant [sic, i.e., PCRA] counsel[.]   Failure to present expert witness.

[Id., at 14]

[5] 6th Amendment Ineffective assistance of trial and Appellant [sic, i.e., PCRA] counsel[.]   Failure to disclose plea offer and failure to preserve claim.

[Id., at 18]

[6]   4, 5 and 14th Amendments.   I am being held for a crime that I did [not] commit.

[Id., at 21]

[7]   6th Amendment Ineffective assistance of counsel[,] counsel's performance was deficient.

[Id., at 24].

### a.  Four of the issues are procedurally defaulted.

Issues Number 4 through 7 are procedurally defaulted.   Issue 4 was procedurally defaulted because, although raised in the PCRA petition, ECF No. 21-1 at 27 to 28, his PCRA counsel withdrew the claim prior to the evidentiary hearing during the PCRA proceedings, ECF No. 21 at 15 to 16, and the claim was not subsequently raised in either the appeal to the Superior Court, ECF No. 21-3 at 8, or in the Petition for Allowance of Appeal to the Pennsylvania Supreme Court.   ECF No. 21-5 at 7.   Sistrunk v. Vaughn, 96 F.3d 666, 671 n. 4 (3d Cir.1996)

("the rules [of Pennsylvania's appellate procedure] dictate that an issue raised at the trial level but not preserved on appeal will not be considered by any subsequent appellate court."); Godfrey v. Patrick, CIV.A. 05–1106, 2006 WL 3692598, at *11 (W.D.Pa., Dec.12, 2006) ("Because this rule of waiver [for failing to raise an issue in the Superior Court] was consistently applied, at least since 1992 and thereafter up to the time Petitioner filed his appeal brief in the Superior Court, i.e., October 29, 2003, it constitutes an 'adequate' state procedural rule for purposes of procedural default.") (footnote omitted); Barrett v. Patrick, NO. CIV.A. 05–370J, 2006 WL 2077019, at *6 n. 7 (W.D.Pa., July 24, 2006) ("Pennsylvania applies a rule of waiver in multiple contexts. An issue not raised at trial or on appeal is waived. Moreover, Pennsylvania's rule of waiver for failing to raise an issue on appeal is 'independent' of any federal law question.") (citations omitted).

Issues 5 through 7 were also procedurally defaulted. They were defaulted because they were never presented to the state courts and because of the PCRA statute of limitations, Petitioner cannot now go back and present them to the state courts. See, e.g., Tome v. Stickman, 167 F. App'x 320, 322 (3d Cir. 2006)(affirming the District Court where "The District Court ruled that Tome's federal ineffective assistance of trial counsel claim was never exhausted in the state appellate courts. Because such a claim could now be raised only in a second PCRA petition and such a petition would be barred by the PCRA's one-year statute of limitations, the District Court ruled that the claim was procedurally defaulted."); Frazier v. Wilson, NO. CIV.A.06-3141, 2008 WL 1848093, at *15 (E.D.Pa., April 24, 2008) ("Because Petitioner would be unable to present these claims to the state courts in a PCRA petition because it would be untimely, they are procedurally defaulted.").

Accordingly, these issues are procedurally defaulted. Despite the Respondent having raised the defense of procedural default, Petitioner has not argued cause and prejudice so as to excuse the procedural default. Hence, we find that the argument has been waived. See Williams v. Anderson, 460 F.3d 789, 808 (6th Cir. 2006) ("As Petitioner fails to argue to cause and prejudice for the procedural default, we decline to waive [i.e., forgive] the default and affirm the order of the district court denying relief on this ground."); Nixon v. Epps, 405 F.3d 318, 323 (5th Cir. 2005) ("In his brief in this court, Nixon has not attempted to overcome the procedural bar by demonstrating cause and prejudice or that failure to consider his ineffective assistance claim will result in a fundamental miscarriage of justice. Any such argument is now considered waived.") (footnote omitted); Godfrey v. Patrick, No. 05-1106, 2006 WL 3692598, at *12 (W.D. Pa. Dec. 12, 2006) ("Petitioner has not argued cause and prejudice and so the issue is waived.").

To the extent that Petitioner is claiming actual innocence of the crime so as to excuse his procedural default, Petitioner has not adduced any new evidence of his actual innocence and so, he cannot overcome the procedural default. Fogg v. Phelps, 414 F. App'x 420, 229 (3d Cir. 2011) ("The 'fundamental miscarriage of justice' standard requires a state prisoner to demonstrate that he is 'actually innocent of the crime ... by presenting new evidence of innocence.' *Keller v. Larkins*, 251 F.3d 408, 415–16 (3d Cir.2001). Because Fogg does not ask us to consider new exculpatory evidence on appeal, we need only concern ourselves with the 'cause and prejudice' exception to the procedural default rule.").

### b. Three of the issues are meritless.

Issues Number 1 through 3 were all addressed on the merits by the state courts, ECF No. 21-2 at 23 to 34; ECF No. 21-4 at 42 to 49, and Petitioner has not argued, yet alone carried his

16

burden[6] to show that the state courts' disposition of these claims was contrary to or an unreasonable application of then-existing United States Supreme Court precedent. Nor has he shown that the state courts' factual determinations were unreasonable in light of the record evidence. Furthermore, we do not find that the state courts' disposition was contrary to or an unreasonable application of then-existing United States Supreme Court precedent nor were the state courts' factual determinations unreasonable. Accordingly, Issues 1 through 3 do not merit relief.

Hence, either because the Petition is time-barred or because the issues were procedurally defaulted and/or meritless, the Petition should be denied.

### E. CERTIFICATE OF APPEALABILITY

Section 2253 of Title 28 U.S.C. generally governs appeals from District Court orders regarding habeas petitions. Section 2253 essentially provides in relevant part that a certificate of appealability, which is a prerequisite for allowing an appeal to a Court of Appeals, should not be issued unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (C)(2). Instantly, this Court concluded in part that Petitioner's habeas petition was time-barred and in part that the claims raised afforded no grounds for relief.

There is a difficulty in applying Section 2253(C)(2) when a District Court does not decide the case on the merits, i.e., declines to address questions of constitutional violations, but instead decides the case on a procedural ground without determining whether there has been a denial of a

---

[6] Matteo v. Superintendent, SCI-Albion, 171 F.3d 877, 888 (3d Cir. 1999)(en banc) (habeas petitioners have the burden to demonstrate that the state courts' adjudication of their claims was contrary to or an unreasonable application of United States Supreme Court precedent); Werts v. Vaughn, 228 F.3d at 197 (same).

17

constitutional right. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000); Walker v. Government of The Virgin Island, 230 F.3d 82, 89-90 (3d Cir. 2000).

In resolving this difficulty, the Supreme Court in Slack v. McDaniel, held that

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. at 484. Hence, the analysis as to whether a certificate of appealability should issue to review a procedural question, has "two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Id. at 473. The test is conjunctive and both prongs must be met. See Walker v. Government of the Virgin Islands, 230 F.3d at 90.

Applying this standard to the instant case, this Court concludes that jurists of reason would not find it debatable whether dismissal of the Petitioner's claims for failing to comply with AEDPA's statute of limitations and/or that four of his claims were procedurally defaulted and three were meritless was correct. Accordingly, a certificate of appealability should be denied.

## III. CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187,

193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2


Dated: August 1, 2012         s/Maureen P. Kelly
                                     MAUREEN P. KELLY
                                     U.S. MAGISTRATE JUDGE


cc:     The Honorable Terrence F. McVerry
        United States District Judge

        WILLIAM DAVID BLICK
        EQ-5104
        SCI Pittsburgh
        Post Office Box 99991
        Pittsburgh, PA 15233

        All Counsel of Record via CM-ECF